IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM-23-333 |
| | * | |
| ALEXANDER MAURICE | * | |
| APPLEWHITE, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The Government submits this memorandum in anticipation of the sentencing of Defendant Alexander Maurice Applewhite ("Applewhite" or the "Defendant") for his conviction for Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). The Defendant's sentencing is scheduled for **Tuesday, August 6, 2024, at 2:30 p.m**. The Government respectfully requests that the Court sentence the Defendant to **a term of 37 months' imprisonment, followed by three years of supervised release**. The Government believes that this recommended sentence is sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

The Government does not seek restitution but asks the Court to impose a $100 special assessment fee and enter the preliminary order of forfeiture (ECF 39).

## BACKGROUND

### I. Procedural Background

On September 21, 2023, a criminal indictment charged the Defendant with Count One, Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF 1. On October 27, 2023, the Defendant had his initial appearance and arraignment on the Indictment. ECF 8.

1

The Defendant was ordered detained by consent, without prejudice. ECF 12. On November 6, 2023, the Defendant requested that the Court schedule a detention hearing, pursuant to 18 U.S.C. § 3142(f). ECF 15. That same day, the Court granted the request and set a detention hearing for November 22, 2023, at 10 a.m. On November 21, 2023, the Court granted the Defendant's Motion to Continue Detention Hearing (ECF 20) and canceled his detention hearing (ECF 21).

On May 14, 2024, through a written Plea Agreement (ECF 33), the Defendant appeared before this Court and pleaded guilty to Count One of the Indictment (ECF 34). Following the Defendant's guilty plea, the Court directed the U.S. Probation Office to a prepare a Presentencing Report ("PSR"), which was filed on June 25, 2024. ECF 38. The Court set the Defendant's sentencing for August 6, 2023, at 2:30 p.m.

## II.    Statement of Facts

In the Plea Agreement, the parties stipulated and agreed that, if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt.

On May 6, 2023, at about 1:06 a.m., Prince George's County Police Department ("PGPD") Officers responded to a welfare check at the Wendy's restaurant on Landover Road in Hyattsville, Maryland. The 911 caller advised dispatch that she was sitting in a vehicle in the Wendy's drive thru lane behind another vehicle. The caller indicated that she was unsure whether the driver of the other vehicle was okay, because the vehicle had not moved for about 15 to 20 minutes. The caller further advised that, prior to calling dispatch, she had alerted a Wendy's employee of the situation, and the employee had approached the other vehicle and tried to clap at and knock on the window, but the caller did not know if the driver had responded.

While PGPD officers were en route to the scene, Prince George's County Fire and Emergency Medical Services advised the officers that they had attempted to make contact with the vehicle's driver, who was later identified as the Defendant, **ALEXANDER MAURICE APPLEWHITE** ("**APPLEWHITE**"), and observed a handgun in plain view in the vehicle by **APPLEWHITE**'s right leg.

Officers then arrived at the Wendy's parking lot and observed **APPLEWHITE**, who appeared to be asleep behind the wheel while holding a can containing an alcoholic beverage.

Officers conducted a visual sweep of the vehicle using flashlights and observed a handgun between **APPLEWHITE**'s leg and the center console, next to his right hand.

Officers opened the unlocked driver's door, reached inside, and retrieved the handgun. Officers identified the handgun as a Polymer 80 9mm pistol bearing no serial number. The pistol was loaded with six rounds of ammunition in the magazine and one round of ammunition in the chamber. Officers also searched the floorboard of the driver's seat in the vehicle and found an additional round of ammunition.

Officers then handcuffed **APPLEWHITE**, woke him, and ordered him out of the vehicle. Officers arrested **APPLEWHITE** and transported him to a detention facility. At about 4:54 a.m., **APPLEWHITE** placed a call from the facility to an unknown female ("UF"). The UF asked **APPLEWHITE**, "What did you get locked up for?" **APPLEWHITE** responded, "The dog," which is slang for "firearm."

The ammunition loaded in the pistol and found in **APPLEWHITE**'s vehicle is "ammunition" as that term is defined in 18 U.S.C. § 921. The ammunition was manufactured outside of Maryland and therefore traveled in interstate or foreign commerce prior to being possessed by **APPLEWHITE** on May 6, 2023.

Prior to possessing the ammunition on May 6, 2023, **APPLEWHITE** had, and knew that he had, been convicted of a crime punishable by imprisonment for a term exceeding one year, and his civil rights had not been restored. Specifically, **APPLEWHITE** had been sentenced on August 14, 2014, to 20 years of imprisonment, with all but five years suspended, as a result of a conviction in the Circuit Court for Prince George's County, Maryland.

## STATUTORY SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

A district court must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). After calculating the range, it must consider the § 3553(a) factors before imposing the sentence. *Id.* at 49–50.

The statutory factors for the Court's consideration under 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and history and characteristics of the defendant, and (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public and provide the defendant with needed services. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without

limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. §1B1.4; *see also* 18 U.S.C. § 3661. "If the district court decides to impose a sentence outside the guidelines range, it must ensure that its justification supports 'the degree of the variance.'" *United States v. Evans,* 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Gall,* 552 U.S. at 51). The district court is given "some latitude" and "a degree of deference" to tailor a particular sentence to the circumstances. *United States v. Green,* 436 F.3d 449, 456-57 (4th Cir. 2006); *United States v. Moreland,* 437 F.3d 424, 433 (4th Cir. 2006).

**I.     The Defendant's Total Offense Level is 17 and His Criminal History Category is III, Resulting in a Guidelines Range of 30 to 37 Months.**

*Total Offense Level:* The Government agrees with the Presentence Report that the Defendant's base offense level is 20, because he unlawfully possessed a firearm subsequent to sustaining a felony conviction of a crime of violence, under the U.S. Sentencing Guidelines ("U.S.S.G.") §2K2.1(a)(4)(A). Plea Agreement ¶ 6(a); PSR ¶ 17. The offense level is decreased by three levels because of the Defendant's acceptance of responsibility and timely notification of his intention to enter a guilty plea, pursuant to U.S.S.G. §3E1.1(a), (b). Plea Agreement ¶ 6(b); PSR ¶¶ 24–25. Accordingly, the Defendant's total offense level is 17. PSR ¶ 26.

*Criminal History Category:* The Government agrees with the Presentence Report that the Defendant's criminal history category is III. PSR ¶ 35.

*Guidelines Range:* The Government agrees with the Presentence Report that, based on the factors discussed above, the applicable guidelines range is 30 to 37 months. PSR ¶ 72.

**II.    Section 3553(a) Sentencing Factors**

The Government respectfully submits that a sentence of **37 months of imprisonment, followed by a term of supervised release of three years**, will be sufficient, but not greater than necessary in light of the relevant § 3553(a) factors.

### A. Nature & Circumstances of the Offense

The nature and circumstances of the Defendant's offense—his conviction under 18 U.S.C. § 922(g)(1)—justifies a significant term of imprisonment. Emergency personnel encountered the Defendant in an unconscious state, with an open container of alcohol and in possession of a loaded "ghost gun" in plain view. PSR ¶ 8. Notwithstanding the fact that the Defendant was not permitted to possess a firearm or drive with an open container of alcohol or suspended driving privileges, the Defendant was especially inattentive to the dangerousness of his firearm by leaving it unsecured, loaded, and in public view as he remained asleep behind the wheel of his vehicle. PSR ¶ 7–9.

In addition, at the time of the instant offense, the Defendant was serving a term of supervised probation for his 2014 conviction for robbery with a deadly weapon in Prince George's County (PSR ¶ 31) and was ordered to abide by a deferred sentencing agreement for a 2022 driving under the influence ("DUI") conviction in Washington, D.C. (PSR ¶ 32), which further counsels in favor of a sentence at the top of the Guidelines range. The instant conduct, while under the supervision of another court, show that prior attempts at deterring the Defendant's criminal conduct have been unsuccessful. The Defendant's conduct here supports a sentence of 37 months of incarceration and three years of supervised release.

### B. History and Characteristics of the Defendant

The next factor—the history and characteristics of the Defendant—also supports a sentence at the top of the Guidelines range.

The Defendant has a violent criminal history, having been convicted in 2013 in Prince George's Country of robbery with a deadly weapon. PSR ¶ 31. In that case, the Defendant robbed a cab driver at gunpoint, and then pled guilty to (1) robbery with a deadly weapon, (2) attempted

5

robbery, and (3) use of a handgun during a crime of violence. *Id*. These are very violent and concerning crimes, which are exacerbated by the use of a firearm. The Defendant was sentenced to 20 years of incarceration, all but five years suspended, and five years of supervised probation. *Id*.

On January 27, 2022, still while the Defendant was on probation for his armed robbery conviction, police officers in Washington D.C. encountered the Defendant while responding to a call for assistance related to sounds of gunfire. PSR ¶ 32. Officers engaged with the Defendant who exhibited visible signs of intoxication. *Id*. As the interaction continued, the Defendant insulted the officers, was unable to stand straight, and was unable to remember his address or accurately report his date of birth. *Id*. Officers also learned that the Defendant was operating his vehicle with a suspended license. On June 28, 2022, the Defendant pled guilty to driving under the influence of alcohol and operating a motor vehicle without a permit. *Id*. The Defendant agreed to abide by a deferred sentencing agreement, as his sentencing was differed for 12 months. *Id*.

The Defendant's prior convictions bear on the criminal conduct here. As in his prior robbery conviction, the instant offense involves another deadly weapon, a ghost gun. As in his DUI and driving without a permit convictions, his offense here involves operating a motor vehicle with an open container of alcohol and suspended driving privileges. As evidenced by his conduct here, neither of the Defendant's prior convictions and sentences have detoured him from similar criminal conduct. In addition, the Defendant's robbery conviction is a very significant abuse of the Prince George's County Court's trust. That court released the Defendant to probation with the understanding that he would not engage in other criminal conduct. His decision to abuse that trust warrants a sentence at the top of the Guidelines range.

Based on the Defendant's prior convictions and continued possession and use of firearms, the Defendant has repeatedly demonstrated to this Court that he has not been detoured from criminal conduct and may pose a danger to public safety, and as a result, a significant term of imprisonment of 37 months of incarceration, followed by three years of supervised release, is warranted.

### C.  Unwarranted Sentence Disparities

As noted in the Presentence Report, the average length of imprisonment imposed for defendants whose primary guideline was U.S.S.G. §2K2.1, with a total offense level of 17 and criminal history category of III, was 28 months. PSR P. 21.  Here, the aggravating circumstances of the Defendant's prior felony offense, prior misdemeanor offense, and repeated violations of his supervised probation militate in favor of a term of 37 months of imprisonment.

### D.  Recommended Term of Supervised Release

The Government also agrees with the Presentencing Report and seeks the imposition of a three-year term of supervised release for the same reasons discussed above.  PSR ¶ 17.

## III.  Special Assessment

The Government respectfully requests that the Court order the Defendant to pay the $100 mandatory special assessment fee.

## IV.  Forfeiture

The Government also requests that the Court enter the preliminary order of forfeiture (ECF 39).

## **CONCLUSION**

For the foregoing reasons, and any additional information that may be presented at the sentencing hearing, the Government respectfully requests that the Court impose a **term of 37 months' imprisonment, to be followed by a term of supervised release of three years**.

        Respectfully Submitted,

        Erek L. Barron
        United States Attorney

        _____/s/_____
        Megan S. McKoy
        Kelly O. Hayes
        Assistant United States Attorneys